IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE MUSCOGEE (CREEK) NATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 23-CV-260-RAW-GLJ |
| CVS CAREMARK, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court are two motions: (1) Plaintiff's Motion to Retain Jurisdiction Over Arbitrability of Claims [Docket No. 32]; and (2) the Motion and Supporting Memorandum of Law of Defendants CVS Caremark, LLC, Caremark PHC, LLC, CaremarkPCS Health, LLC, Caremark, LLC, Caremark, RX, LLC, Aetna Inc., and Aetna Health Inc. to Stay Proceedings Pending Arbitration in the District of Arizona [Docket No. 47]. Plaintiff brought this action for claims arising under 25 U.S.C. § 1621e (the "Recovery Act") [Docket No. 2]. On November 30, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636(b) [Docket No. 18]. Defendants now seek to stay this matter pending arbitration, and Plaintiff requests that this Court retain jurisdiction over the issue of whether its claims are arbitrable, and ultimately conclude arbitration is improper. For the reasons

1

stated below, the undersigned Magistrate Judge recommends that Plaintiff's Motion to Retain Jurisdiction be DENIED, and Defendants' Motion to Stay be GRANTED.[1]

## BACKGROUND

Plaintiff, the Muscogee Creek Nation, is a federally recognized and sovereign Native American tribe. Pursuant to federal law, Plaintiff provides free healthcare services to its members, however, it may recover the cost of covered services from its members' applicable insurance coverage pursuant to the Recovery Act. 25 U.S.C. § 1621e; Docket No. 2, p. 3. To that end, Plaintiff and its pharmacies entered into agreements with Caremark and/or its predecessors through a series of Provider Agreements.[2] 50-1, 50-2, 50-3, 50-4, 50-5, 50-6, & 50-7. These Provider Agreements incorporate Caremark's Provider Manual by reference. *Id.* The Provider Manual is a voluminous document that, since 2004, has included an amendment provision stating: "From time to time, Caremark may amend the Provider Agreement including the Provider Manual or other Caremark Documents, by giving notice to Provider of the terms of the amendment and specifying the date the

---

[1] District courts have reached different conclusions regarding whether motions to compel arbitration are dispositive for purposes of 28 U.S.C. § 636. *Compare Wilken Partners, L.P. Champps Operating Corp.*, 2011 WL 1257480, at *1 (D. Kan. Apr. 4, 2011) ("District courts that have considered the nature of an order to stay proceedings pending arbitration and to compel arbitration have concluded that these are non-dispositive orders"), *with Coxcom, Inc. v. Egghead Telecom, Inc.*, 2009 WL 4016629, at *1 (N.D. Okla. 2009) ("Courts generally regard a motion to compel arbitration either as a case dispositive matter or a matter not within the statutory authority of a U.S. Magistrate Judge to resolve by Order."). Accordingly, out of an abundance of caution, the undersigned Magistrate Judge issues a Report and Recommendation.

[2] Two pharmacies entered into agreements with Caremark, LLC and CaremarkPCS, LLC. Docket Nos. 50-1 & 50-5. The other five pharmacies entered into Provider Agreements with PCS Health Systems, Inc. Docket Nos. 50-2, 50-3, 50-4, 50-5, 50-6, & 50-7. PCS Health Systems, Inc. was acquired by Advance Paradigm Inc., forming "AdvancePCS" which was subsequently acquired by Caremark RX, LLC. Docket No. 47,     p. 12.

amendment becomes effective. If Provider submits claims to Caremark after the effective date of any notice or amendment, the terms of the notice or amendment is accepted by Provider and is considered part of the Provider Agreement." Docket No. 50-8, p. 47. Pursuant to this provision, the Provider Manual has been amended on several occasions, and since 2004, it has contained an arbitration provision requiring arbitration "in accordance with the Rules of the American Arbitration Association" in Scottsdale, Arizona. Docket No. 50-8. Since 2014, this arbitration provision also included an express clause delegating the issue of arbitrability to the arbitrator.[3] Docket No. 50-13, p. 47. ("The arbitrator(s) shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of the agreement to arbitrate, including, but not limited to any claim that all or part of the agreement to arbitrate is void or voidable for any reason."); Docket No. 50-18, p. 97 (same).

On August 3, 2023, Plaintiff filed a Complaint in this Court alleging, *inter alia*, that since approximately 2015 Defendants have routinely denied its pharmacies' reimbursement claims in violation of the Recovery Act. Docket No. 2, pp. 5-6, 30. Thereafter, on January 12, 2024, Defendants (Caremark, LLC, Caremark PhC, LLC, CaremarkPCS Health, LLC, Caremark RX, LLC, Aetna Inc, and Aetna Health Inc.) filed a "Petition for Order to Compel Arbitration" in the District Court for the District of Arizona

---

[3] Prior to 2014, the Provider Manual contained a delegation clause by virtue of incorporating the American Arbitration Association ("AAA") rules. *Dish Network, LLC v. Ray*, 900 F.3d 1240, 1246 (10th Cir. 2018) ("[W]hen contracting parties incorporate the AAA rules into a broad arbitration agreement . . . such an incorporation clearly and unmistakably evinces their intent to arbitrate arbitrability.").

3

("Arizona Litigation") against the Muskogee Nation and its pharmacies seeking to enforce the arbitration provision in the Provider Agreements. *Caremark, LLC, et al., v. Muskogee (Creek) Nation*, No. 24-cv-92-ROS (D. Ariz. Jan. 12, 2024), ECF No. 1.

## ANALYSIS

Defendants assert that this action should be stayed and Plaintiff's arguments challenging arbitration should be addressed by the District Court for the District of Arizona because, should this Court conclude arbitration is proper, it is unable to compel arbitration. Conversely, Plaintiff invokes the "first-to-file rule" arguing that this Court should retain jurisdiction because this action was filed prior to the Arizona Litigation and, if the District of Arizona were to conclude that the arbitration provision is unenforceable, the Parties would ultimately end up back in this Court. The undersigned Magistrate Judge finds that this action should be stayed pending resolution of the Arizona Litigation.

Under the Federal Arbitration Act ("FAA"), "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[U]pon being satisfied that the making of the agreement for arbitration is not in issue" the Court "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4. However, "where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under § 4." *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1219-20 (10th Cir. 2005); 9 U.S.C. § 4 ("The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such

arbitration is filed."). "[T]he rule announced in *Ansari* is not jurisdictional but 'one of venue which the parties'" may waive if not raised. *Sanchez v. Nitro-Lift Tech., LLC*, 762 F.3d 1139, 1151 (10th Cir. 2014) (quoting *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044 (10th Cir. 2006)).

Pursuant to the first-to-file rule, "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982). The first-to-file "rule is a judicially created doctrine of federal comity, which exists 'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Colton v. Cont'l Res., Inc.*, 2022 WL 17486848, at *2 (E.D. Okla. Dec. 2, 2022) (quoting *West Gulf Marine Ass'n v. ILA Deep Sea Local 24*, 751 F.3d 721, 729 (5th Cir. 1985)). Courts analyze three factors when determining whether to apply the first-to-file rule: "(1) the chronology of the actions; (2) the similarity of parties; and (3) the similarity of issues." *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1167-68 (N.D. Okla. July 2, 2010) (citing *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010)). "However, the first-filed rule is not mandatory and, instead, is a general rule of deference in cases involving overlapping parties and issues." *Debt Exch., LLC v. Fluid Trade, Inc.*, 2010 WL 3790605, at *2 (N.D. Okla. Sept. 24, 2010) (citing *Nash*, 724 F. Supp. 2d at 1166).

Here, all three factors weigh in favor of this Court exercising jurisdiction as this action was filed prior to the Arizona Litigation and both this case and the Arizona Litigation

5

involve substantially the same parties and issues. *Nash*, 724 F. Supp. 2d at 1167-68. Additionally, the undersigned Magistrate Judge is mindful of the fact that the Parties very well may end up back in front of this Court; however, such an outcome is not a foregone conclusion and there is a good faith basis for Defendants contending Plaintiff's claims are subject to arbitration. *See Caremark, LLC v. Chickasaw Nation* (*Chickasaw I*), 2021 WL 2780859 (D. Ariz. July 2, 2021) (finding that the parties agreed to arbitrate the question of arbitrability), *aff'd, Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021 (9th Cir. 2022).

As such, because this Court would be unable to compel arbitration if it were to conclude Plaintiff's claims are subject to arbitration, the undersigned Magistrate Judge finds that applying the first-to-file rule in this instance would go against its overarching principles of comity and judicial efficiency. *Ansari*, 414 F.3d at 1216. (affirming district court's order that any arguments regarding arbitrability of plaintiff's claims be decided by the designated forum.); *Chickasaw I,* 2021 WL 2780859, at *2 (declining to defer to the first-filed jurisdiction in light of the forum selection clause requiring arbitration in Arizona); *Silver v. Radiance Medspa Franchise Grp.*, 2006 WL 2925699, at *2 (D. Colo. Oct. 11, 2006) (staying action pending arbitration due to parties agreement to arbitrate in a particular forum); *Roe v. Gray*, 165 F. Supp. 1164, 1173-74 (D. Colo. Oct. 10, 2001) (staying action, despite being the first court to acquire jurisdiction, under the principle of comity due to forum selection clause requiring arbitration in North Carolina.).

The undersigned Magistrate Judge therefore finds that Plaintiff's arguments regarding the arbitrability of its claims should be addressed by the United States District

Court for the District of Arizona[4] and recommends that this action be stayed pending a final ruling on Defendants' Petition for Order to Compel Arbitration by the United States District Court for the District of Arizona. The undersigned Magistrate Judge further recommends that the parties be directed to file a Joint Status Report, advising this Court as to whether the stay should be lifted, and the case reopened for further proceedings, within seven days after the District Court for the District of Arizona has rendered a decision on Defendants' Petition for Order to Compel Arbitration.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Motion to Retain Jurisdiction Over Arbitrability of Claims [Docket No. 32] be DENIED; and (2) the Motion and Supporting Memorandum of Law of Defendants CVS Caremark, LLC, Caremark PHC, LLC, CaremarkPCS Health, LLC, Caremark, LLC, Caremark, RX, LLC, Aetna Inc., and Aetna Health Inc. to Stay Proceedings Pending Arbitration in the District of Arizona [Docket No. 47] be GRANTED and this action be STAYED and administratively closed pending the outcome of the Arizona Litigation and any arbitration proceedings that may follow. The undersigned Magistrate Judge further RECOMMENDS that the parties be directed to file a Joint Status Report, within seven days of the United States District Court for the District of Arizona's ruling on Defendants' Petition for Order to Compel Arbitration. Any objections to this Report and Recommendation must be filed

---

[4] Likewise, Plaintiff's request for limited discovery into the enforceability and validity of the arbitration agreement at issue, is also an issue that should be addressed by the District Court for the District of Arizona.

within fourteen days, or by May 22nd, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    IT IS SO ORDERED this 8th day of May, 2024.

 

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**